UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ORALIA DIAZ, | § | |
|         Plaintiff | § | |
| v. | § | |
| | § | CIVIL ACTION NO. __14-2116__ |
| DEALERTRACK, INC., d/b/a | § | |
| KING OF CARS, | § | |
| | § | |
|         Defendant | § | |

## COMPLAINT

Plaintiff Oralia Diaz brings this cause of action against DealerTrack, Inc., d/b/a King of Cars. Ms. Diaz respectfully shows that King of Cars, owned by DealerTrack, Inc. is not accessible to individuals with mobility disabilities, in violation of state and federal law.

STATEMENT OF CLAIM

1. One of the rights that we all treasure is our ability to move freely in an integrated society where all of us are ostensibly equal. This freedom allows us to travel, visit stores, and eat in restaurants anywhere along the way, and generally to feel safe in the knowledge that we will not be turned away. However, these rights are illusory if people with disabilities are turned away or are excluded from the services and facilities that others enjoy solely based on their status as people with disabilities.

2. Ms. Diaz, a person with a physical disability and mobility impairments, brings this action for declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses against Defendant for violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"), and its attendant regulations, the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), the Texas Accessibility Standards ("TAS"), promulgated under the Texas Architectural Barriers Act ("TABA"), Tex.Gov't Code § 469,

1

and Chapter 121 of the Texas Human Resources Code, Tex.Hum.Res. Code § 121.001 *et seq.* ("Chapter 121").

3. Defendant refused to provide Ms. Diaz and others similarly situated with an accessible ramp entrance to the facility, thereby denying her the ability to enjoy the services, facilities, privileges, advantages, and accommodations at King of Cars.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Title III of the ADA, TABA, TAS, and Chapter 121. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 2201. Ms. Diaz further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to consider her state law claims.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the events complained of occurred in the City of Pasadena, Harris County, where King of Cars is located.

## PARTIES

6. Oralia Diaz has mobility impairments and uses a wheelchair. She is a "qualified individual with a disability" within the meaning of ADA Title III and a "person with a disability" within the meaning of Chapter 121.

7. Defendant DealerTrack, Inc. is a corporation that owns and operates the King of Cars located at 3401 Spencer Highway, Pasadena, TX 77504 (hereinafter, "King of Cars"). As a business that serves the public, King of Cars is a public accommodation within the meaning of Title III of the ADA and TABA. *See* TEX.GOV'T CODE § 469.003(a)(4) (applying TAS to building defined as public accommodations under the ADA). It is also a public facility within the meaning of Chapter 121. TEX.HUM.RES. CODE § 121.003.

Defendant can be served process through its registered agent, C T Corporation System, at 1999 Bryan St, Suite 900, Dallas, TX 75201.

## FACTS

8. Ms. Diaz developed polio at the age of three, and her mobility has decreased over the years.  She used to be able to walk with some assistance, but for the past several years she has used a wheelchair.  Ms. Diaz is determined not to let her mobility impairments keep her from living a fulfilling, active social life.

9.  Ms. Diaz was in the market for a car so she went to King of Cars in June because they had the car she wanted.  When Ms. Diaz arrived in her manual wheelchair, she found that the entrance to King of Cars was raised with no accessible ramp, thereby rendering it inaccessible.  Thus, King of Cars employees had to physically lift Ms. Diaz and her wheelchair inside.  She is greatly embarrassed by this.

10.  The ADA requires an accessible entrance, but there is no accessible entrance for people who use wheelchairs to enter into King of Cars.  King of Cars lacks a ramp for people with wheelchairs, and the curbs are high and have no curb cuts, even though installing a ramp is readily achievable and technically feasible.



**Raised entrance without no curb cut or ramp**

3



**Dead end ramp**

11. Ms. Diaz talked with several employees at King of Cars about the lack of accessibility. Those employees told Ms. Diaz they would talk to the owner, but her requests have either been refused or ignored.

12. These barriers to access have denied Ms. Diaz full and equal access to, and enjoyment of, the goods and services of King of Cars. The barriers have also been frustrating, embarrassing, and injurious to Ms. Diaz.

CAUSES OF ACTION

I.     Violations of Title III of the ADA

15. Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodations by any person who owns, leases, (or leases to) or operates a place of public accommodation." 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

16. King of Cars is a public accommodation within the meaning of the ADA. Title III of the ADA requires public accommodations to be adapted, where readily achievable, in

4

such a manner that the facility is readily accessible to, and usable by, individuals with mobility and physical disabilities.

17.  ADAAG establishes standards to which public accommodations must conform in order to comply with the ADA.  King of Cars must follow ADAAG requirements because the modifications needed to create accessibility are readily achievable and not structurally impracticable within the meaning of the ADA.  42 U.S.C. § 12182(b)(2)(A)(iv).

18.  Specifically, King of Cars fails to meet the following ADAAG requirements:

   a.   Section 402.2 provides that "[a]ccesssible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4."

   b. Section 502.6 provides that "[p]arking space identification signs shall include the International Symbol of Accessibility complying with 703.7.2.1."

## II. Violations of Chapter 121, TAS, and TABA

17. Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities available within the state." TEX.HUM.RES. CODE §121.001.

18. Pursuant to the legislative mandate in TABA, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards ("TAS") to be the minimum guidelines for compliance with TABA, and therefore Chapter 121. The goal of TAS is to embody the required standards of accessibility for places of public accommodation.

19. TABA applies to privately funded buildings or facilities defined as a "public accommodation" by 42 U.S.C. §12181, and its subsequent amendments. TEX.GOV'T. CODE §469.003(a)(4). King of Cars is such a public facility.

20. Defendant's violations of Sections 402.2 and 502.6 of ADAAG, as alleged above, also constitute violations of the corresponding sections of TAS: Sections 402.2 and 502.6. Thus, Defendant's barriers have denied, and continue to deny, Ms. Diaz, because of her disabilities, and those like her, the opportunity to participate in or benefit from a good, service, or accommodation that is equal to that afforded other individuals, thus violating Chapter 121. TEX.HUM.RES. CODE §121.001, *et seq.*

## RELIEF REQUESTED

### Injunctive Relief

21. As a proximate result of the structural barriers present within Defendant's establishment, Ms. Diaz has suffered and will continue to experience unlawful discrimination as a result of Defendant's non-compliance with the ADA, Chapter 121 and TABA. Injunctive relief is necessary so that Ms. Diaz and all individuals with disabilities can access King of Cars equally, as required by law, and to require Defendant to modify the building by installing ramps in compliance with federal and state laws and otherwise providing accessible routes to the establishment. Injunctive relief is also necessary to compel Defendant to restripe the parking lot in order to add an accessible parking space with an access aisle.

22. Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. § 12133. As such, injunctive relief is necessary to order Defendant to immediately remedy the violations that make the establishment inaccessible to Ms. Diaz and others who require the use of a wheelchair for mobility.

Declaratory Relief

22. This suit involves an actual controversy within the Court's jurisdiction, and the Court may declare Ms. Diaz's rights under the laws of the United States and Texas, and grant her any relief that is necessary and proper under 28 U.S.C. §§ 2201-2202.  Ms. Diaz is entitled to declaratory judgment concerning Defendant's violations of law, specifying the rights of individuals with disabilities to access the goods and services at King of Cars.

Statutory Damages

23. Ms. Diaz is entitled to damages in the amount of at least $300 per violation of Chapter 121 by Defendant, pursuant to Tex.Hum.Res. Code § 121.004(b). She requests $450 per violation.

Attorneys' Fees and Costs

24. Plaintiff is entitled to reasonable attorneys' fees, litigation costs, and court costs, pursuant to 42 U.S.C. § 12205 and the Texas Declaratory Judgment Acts.

Jury Demand

25.  Ms. Diaz hereby demands a trial by jury on those counts for which she is entitled to a jury trial.

PRAYER FOR RELIEF

THEREFORE, Ms. Diaz respectfully requests this Court to award the following relief:

- A. A permanent injunction, requiring Defendant, its agents, servants, and employees, and all persons acting in concert with Defendant, to eliminate all barriers described herein that prevent Ms. Diaz from having access to the goods, services, facilities, privileges, advantages, and accommodations the Defendant offers at King of Cars; and enjoining Defendant from violating the ADA and Chapter 121 and from discriminating against Ms. Diaz in violation of the law;

- B. A declaratory judgment that Defendant's physical barriers have prevented, and continue to prevent, Ms. Diaz from accessing King of Cars, in violation of the ADA and Chapter 121;

C. Damages in the amount of at least $300 per violation of Chapter 121, pursuant to Tex.Hum.Res. Code § 121.004(b);

D. Find that Ms. Diaz is the prevailing party in this action, and order Defendant liable for Plaintiff's attorneys' fees, costs, and litigation expenses; and,

E. Grant such other and additional relief to which Plaintiff may be entitled in this action.

Dated: July 24, 2014

Respectfully submitted,

*/s/ Amin Alehashem*
Amin Alehashem
State Bar No. 24073832
Joseph P. Berra
State Bar No. 24027144
James C. Harrington
State Bar No. 09048500

TEXAS CIVIL RIGHTS PROJECT
2006 Wheeler Avenue
Houston, Texas 77004
   (832) 767-3650 [phone]
   (832) 554-9981 [fax]

ATTORNEYS FOR PLAINTIFF